UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH M. REVELL | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| PRINCE PREFERRED HOTELS SHREVEPORT, LLC d/b/a HILTON GARDEN INN SHREVEPORT AND RELIANCE HOTEL GROUP, LLC | MAGISTRATE JUDGE <br><br> JURY DEMAND |

## COMPLAINT

**COMES NOW** Plaintiff Kenneth M. Revell, filing this Complaint with Jury Demand against Defendants Prince Preferred Hotels Shreveport, LLC d/b/a Hilton Garden Inn Shreveport and Reliance Hotel Group, LLC for acts of race discrimination and retaliation prohibited by federal law and Louisiana's employment discrimination laws. In support thereof, Plaintiff states the following:

### I.

### PARTIES

1. Plaintiff Kenneth M. Revell is an African American male. At all times relevant herein Plaintiff was employed by Prince Preferred Hotels Shreveport, LLC d/b/a Hilton Garden Inn Shreveport.

2. Defendants are:

(A) Prince Preferred Hotels Shreveport, LLC d/b/a Hilton Garden Inn Shreveport, is a limited liability company domiciled at 5971 Financial Plaza, Shreveport, Louisiana 71129 ("Hilton Garden"). Prince Preferred Hotels Shreveport, LLC is registered to do business in Louisiana. It can be served through its registered agent: Sunil Tolani, 18620 Seabiscuit Run, Yorba Linda, CA 92886; and

(B) Reliance Hotel Group, LLC, a Delaware Company with its principal place of business in Phoenix, Arizona. Reliance Hotel Group, LLC served as the management company for the Hilton Garden Inn Shreveport. It can be served through its registered agent for service of process: Cogency Global, Inc., 300 West Clarendon Suite 240, Phoenix, AZ 85013.

3. Defendants were Plaintiff's employers.

## II.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action presents a claim arising under the laws of the United States. This Court has supplemental jurisdiction under 28 U.S.C. §1367 to hear and decide claims asserted under Louisiana law and arising from the same facts and circumstances as the claim asserted under federal law.

## III.

## VENUE

5. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(1).

## IV.

## FACTUAL BACKGROUND

6. Plaintiff began employment with Defendant Hilton Garden in September, 2018 as a night auditor. Effective August 18, 2019, he was promoted to Assistant General Manager at an annual salary of $35,000 or less.

7. On September 1, 2019, Reliance Hotel Group ("Reliance") took over as the Property Management Company for the Hilton Garden Inn Shreveport. Reliance jointly employed Plaintiff.

8. Shortly thereafter, the hotel's General Manager resigned. Plaintiff applied for the position of General Manager.

9. Defendants did not respond to Plaintiff's application for promotion to General Manager.

10. On November 11, 2019, Plaintiff learned that Reliance hired a white male to be the new General Manger of the hotel.

11. Plaintiff remained as Assistant General Manager at a salary of approximately $35,000.00 or less.

12. Plaintiff held the position of Assistant General Manager when the Fair Labor Standards Act ("FLSA") changes regarding salaried employees became effective on January 1, 2020.

13. Effective January 1, 2020, the exemption from the overtime provisions of the FLSA applicable to salaried manager increased to $35,568 annually. Plaintiff's annual salary was less than that. Thus, he no longer met the requirements for exemption from overtime and he should have been paid overtime for all hours he worked over 40 hours in the work week. He regularly worked 20 and 32 hours of overtime (on alternating weeks) but was not paid overtime.

14. On March 27, 2020, the white male manager who was hired on November 11, 2019, resigned his position as General Manager. As Assistant General Manager, Plaintiff was immediately called upon to assume all of the duties of General Manager, including the longer working hours.

15. Plaintiff was never given the promotion to General Manager and his salary was never increased.

16. On April 12, 2020, Plaintiff again applied for promotion to the job position of General Manager.

17. The General Manager position was advertised to pay an annual salary of $62,000.

18. Plaintiff was still being paid an annual salary of less than $35,000 but he was performing the job duties of General Manager.

19. On May 8, 2020, Plaintiff discovered that the General Manager position was still being advertised as available with an annual salary of $72,000.

20. Plaintiff immediately inquired and was informed that his application for the promotion was still pending and he would be notified of the promotion decision within two weeks.  He was still performing the General Manager's job duties, still being paid only $35,000 a year, and was still not receiving overtime compensation.

21. Three weeks later, with no word from the employer regarding a promotion decision, Plaintiff re-submitted his application.

22. On June 17, 2020, Plaintiff was notified that a white female General Manager at an affiliated hotel in Natchez, Mississippi, was being sent to the hotel.

23. The white female General Manager proved to be a divisive presence in the hotel.  She flatly refused to wear a face mask.  Despite the fact that a face mask was required by law in Louisiana in any place of public accommodation and despite the fact that employer's policy required employees to wear face masks, the white female General Manager refused to do so.

24. On June 22, 2020, Plaintiff contacted the Area Vice-President of Operations for Reliance Hotel Group by telephone and e-mail to report the white female General Manager's dangerous behavior and violations of state law and Company policy.

25. The following day, June 23, 2020, Plaintiff's employment was terminated. At the time of termination Plaintiff was still being paid only $35,000 annually. He was still working alternating weeks of 20 and 32 hours of overtime without overtime compensation.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF Title VII, 42 U.S.C. §1981

Plaintiff incorporates herein by reference, as if set forth in full, the allegations of paragraphs 1 through 25.

26. Plaintiff was denied promotion to General Manager because of his race. Despite his experience and qualifications, he was passed over in favor of white applicants. He was performing the job duties. Had he been promoted in pay he would have been earning $72,000 a year instead of the substantially lower salary he received.

27. Plaintiff asserts discrimination claims under both Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §1981. He seeks, and is entitled to recover, back pay from the date of the promotion denial forward, compensatory damages, front pay from the date of termination until he is able to find a comparable job position, punitive damages, and reimbursement of his costs and attorney's fees.

28. Plaintiff has exhausted all administrative remedies under Title VII.

29. No administrative remedies are required under 42 U.S.C. §1981.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. 2000

30. Plaintiff engaged in conduct protected by Title VII when he objected to race discrimination and filed an internal complaint of race discrimination with the employer.

31. Because of the complaint, Defendant retaliated against Plaintiff by creating a discriminatory hostile working environment calculated to make Plaintiff's working conditions intolerable and to compel him to quit.

32. Because of this complaint, Defendant retaliated against Plaintiff by denying him promotion and terminating his employment.

33. Plaintiff seeks, and is entitled to recover compensatory damages, back pay, front pay in lieu of reinstatement, punitive damages, costs and attorney's fees.

## COUNT III

## FAIR LABOR STANDARDS ACT

34. Plaintiff was a salaried manager. As of January 1, 2020, and at all times thereafter, he was paid a salary of less than $684 per week.

35. Defendants are employers and were engaged in commerce. Alternatively, Defendants are subject to the provisions FLSA because Plaintiff, while employed by Defendants, worked in or produced work closely related to the movement of commerce.

36. Plaintiff was not an exempt administrative employee because he was paid a salary less than the minimum salary required by 29 C.F.R §541.600

37. Plaintiff's salary was intended to compensate him only for 40 hours worked in a workweek, not for all hours worked in a workweek. He had no mutual understanding with the employer that his salary would cover any work greater than 40 hours.

38. From January 1, 2020 until the date of termination Plaintiff worked alternating weeks of 20 and 32 hours of overtime for which he was not compensated.

39. Defendants knew, or should have known, of the changes to the overtime law but exploited Plaintiff by requiring him to work substantial overtime hours without any additional compensation.

40. Plaintiff seeks, and is entitled to recover, overtime compensation at time and one-half his regular rate, an equal amount in liquidated damages, costs and attorney's fees.

## COUNT IV

## REPRISAL La. R.S 23:967

41. In March 2020, and weeks and months thereafter, Louisiana Governor John Bel Edwards issued a series of orders mandating restrictions upon businesses to reduce the spread of Covid-19.  One such restriction was a mandate that employees in commercial enterprises that were not closed wear a mask or facial covering that covered their nose and mouth.  The Governor's order has the force and effect of law.

42. This order applied to employees of the Defendant.

43. Defendant's white female general manager flatly refused to wear a mask at any time.

44. Her refusal violated the orders of Louisiana's Governor and placed Plaintiff, his co-workers and the public at risk.

45. Plaintiff complained to his employer that the white female general manager was refusing to wear a facial covering despite the Governor's orders and the employer's mask policy.

46. Shortly thereafter Plaintiff's employment was terminated.

47. In the event it is determined that Plaintiff's employment was not terminated because he complained about race discrimination, or pay inequities, Plaintiff shows that his employment was terminated in whole or in part because he complained that the white female general manager was violating a state law.

48. Pursuant to La. R.S. 23:967A(3) and 967C(1) and (2), Plaintiff seeks and is entitled to recover back pay, front pay in lieu of reinstatement, compensatory damages, costs and attorney's fees.

49. Plaintiff requests a jury trial.

## V.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this complaint be deemed good and sufficient and that upon the conclusion of all due proceeding and legal delays there be judgment entered in his favor and against Defendants on all causes of action and awarding Plaintiff all relief to which he is entitled under each cause of action, including back pay and benefits, front pay, compensatory damages, punitive damages where available, overtime compensation at time and one-half his regular rate, liquidated damages, costs and attorneys' fees, mages and prejudgment interest on all state law claims.

Respectfully submitted this __1st__ day of April, 2021

__/s/ Pamela R. Jones__
Pamela R. Jones, La. Bar No. 19640

DOWNER, JONES, MARINO & WILHITE, L.L.C.
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone:   (318) 213-4444
Facsimile:    (318) 213-4445
Email:          pjones@dhw-law.com